**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------------X
TATYANA ABDULZALIEVA and
ALENA DAINEKA on behalf of                                        Case No:  1:21-cv-00124-BMC
themselves and all others similarly
situated,

                                        Plaintiffs,

                        v.

ADVANCED DOMINO, INC., and DOMNIO
GROUP, LLC, and PROGRESS VGA, LLC, and
BORIS SALKINDER, individually, and
GENADI VINITSKI, individually, and
YAKOV BEKKERMAN,
individually, and ALEKSANDR MALTSEV,
individually,

                                        Defendants.
--------------------------------------------------------------X


**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION**
**FOR CONDITIONAL COLLECTIVE ACTION CERTIFICATION**


Ge Qu, Esq.
Hang & Associates, PLLC
136-20 38th Avenue, Ste 10G
Flushing, NY 11354

## TABLE OF CONTENTS

I.   **PRELIMINARY STATEMENT** ........................................................................ **1**

II.  **FACTUAL BACKGROUND AND PROCEDURAL HISTORY** .................... **1**

III. **ARGUMENT** .............................................................................................. **4**

    A.   PLAINTIFFS HAVE NOT MADE THE MODEST FACTUAL SHOWING REQUIRED TO SUPPORT CONDITIONAL COLLECTIVE ACTION CERTIFICATION. ...................... 4

        *1.   Plaintiffs Failed to Proffer Specific Factual Allegations Sufficient to Make the Modest Factual Showing for Collective Certification.* ....................................................................... 4

        *2.   Plaintiffs Are Not Similarly Situated with the Putative Collective.* ............................... 9

    B.   PLAINTIFFS' PROPOSED NOTICE OF PENDENCY IS OVERBROAD AND THE DISTRIBUTION THEREOF IS PREMATURE. ................................................................... 11

    C.   PLAINTIFFS HAVE FAILED TO DEMONSTARTE EXTRAORDINARY CIRCUMSTANCES TO WARRANT TOLLING OF THE STATUTE OF LIMITATIONS. . 12

IV. **CONCLUSION** ........................................................................................ **14**

# <u>TABLE OF AUTHORITIES</u>

## CASES

*A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 144 (2d Cir. 2011)................................... 12

*Alvarado Balderramo v. Taxi Tours Inc.*, 2017 U.S. Dist. LEXIS 89404, 2017 WL 2533508, at

    *5 (S.D.N.Y. June 9, 2017)................................................................................................. 13

Amador v. Morgan Stanley & Co., No. 11-CV-4326, 2013 U.S. Dist. LEXIS 19103, 2013 WL

    494020, at *2 (S.D.N.Y. Feb. 7, 2013) ...................................................................... 4

Amendola v. Bristol-Myers Squibb Co., 558 F. Supp. 2d 459, 477 (S.D.N.Y. 2008) ................ 11

Barrus v. Dick's Sporting Goods, Inc., 465 F. Supp. 2d 224, 230 (W.D.N.Y. 2006) .................... 6

Benavides v. Serenity Spa NY Inc., 166 F. Supp. 3d 474, 481 (S.D.N.Y. 2016)...................... 5, 6

Bijoux v. Amerigroup N.Y., LLC, No. 14-CV-3891 (RJD)(VVP), 2015 U.S. Dist. LEXIS 96442,

    at *6 (E.D.N.Y. 2015) ........................................................................................... 10

Boice v. M+W U.S., Inc., No. 1:14-CV-505 (GTS/CFH), 2016 U.S. Dist. LEXIS 122408, at *48

    (N.D.N.Y.2016) ................................................................................................... 13

Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997) ......................................... 4, 9

Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 169, 110 S. Ct. 482, 107 L. Ed. 2d 480

    (1989)................................................................................................................... 4

Karropoulos v. Soup du Jour, Ltd., 128 F. Supp. 3d 518, 538 (E.D.N.Y. 2015)........................ 11

Knox v. John Varvatos Enters., 2017 U.S. Dist. LEXIS 171705, at *21 (S.D.N.Y. Oct. 17, 2017)

    ................................................................................................................................ 13

Ling Chen v. Asian Terrace Rest., Inc., No. 19-cv-7313 (BMC), 2020 U.S. Dist. LEXIS 126417,

    at *7-8 (E.D.N.Y. July 17, 2020) ................................................................................ 7

ii

Mark v. Gawker Media LLC, 2014 U.S. Dist. LEXIS 155424, 2014 WL 5557489, at *2

    (S.D.N.Y. Nov. 3, 2004) ................................................................................................ 12, 14

Martin v. Sprint/United Mgmt. Co., No. 15-CV-5237, 2016 U.S. Dist. LEXIS 352, 2016 WL

    30334, at *16 (S.D.N.Y. 2016) .......................................................................................... 13

Morales v. Plantworks, Inc., 2006 U.S. Dist. LEXIS 4267, at *3 (S.D.N.Y 2006)...................... 5

Myers v. Hertz Corp., 624 F.3d 537, 554 (2d Cir. 2010) ............................................................. 4

Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) ............... 12

Phillips v. Generations Family Health Ctr., 723 F.3d 144, 150 (2d Cir. 2013) ......................... 12

Romero v. H.B. Auto. Grp., Inc., 2012 U.S. Dist. LEXIS 61151, at *27 (S.D.N.Y. May 1, 2012) 5

Sanchez v. JMP Ventures, L.L.C. ................................................................................................. 6

Sexton v. Franklin First Fin., Ltd., No. 08-CV-4950, 2009 U.S. Dist. LEXIS 50526, 2009 WL

    1706535, at *3 (E.D.N.Y. 2009) ........................................................................................ 5

Sharma v. Burberry Ltd., 52 F. Supp. 3d 443, 452 (E.D.N.Y. 2014) ........................................... 5

Sherill v. Sutherland Global Servs., Inc., 2007 U.S. Dist. LEXIS 35983 (W.D.N.Y. May 11,

    2007) ................................................................................................................................... 6

Silva v. Calle 8, LLC, No. 12-CV-677 (ERK) (MDG), 2013 U.S. Dist. LEXIS 171696, 2013 WL

    6330848, at *3 (E.D.N.Y. 2013) ........................................................................................ 5

Vasto v. Credico (USA) LLC, No. 15-CV-9298, 2016 U.S. Dist. LEXIS 60158, 2016 WL

    2658172, at *16 (S.D.N.Y 2016) ...................................................................................... 13

Zeledon v. Dimi Gyro LLC, 2016 U.S. Dist. LEXIS 150526, at *28 (S.D.N.Y. 2016)................. 9

Zheng v. Good Fortune Supermarket Grp. (USA), Inc., No. 13-CV-60 (ILG), 2013 U.S. Dist.

    LEXIS 130673, at *17 (E.D.N.Y. 2013)........................................................................ 5, 8

**STATUTES**

29 U.S.C. § 213(a) ......................................................................................... 10

29 U.S.C. § 216(b) .......................................................................................... 9

29 U.S.C. 216(b) ............................................................................................ 4

**REGULATIONS**

29 C.F.R. § 541.200(a) .................................................................................. 10

## I.  PRELIMINARY STATEMENT

Defendants ADVANCED DOMINO, INC., and DOMNIO GROUP, LLC, Boris Salkinder, Genadi Vinitski, and Yakov Bekkerman (collectively "Domino Defendants") submit this memorandum of law in opposition to the motion of Plaintiffs Tatyana Abdulzalieva and Alena Daineka ("Plaintiffs") seeking conditional certification of this action as a collective action pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*

The Court should deny Plaintiffs' motion to conditionally certify this action as a collective action because Plaintiffs, who were employed as cashiers, and for Tatyana Abdulzalieva, also an administrative assistant,  at Domino Supermarket, located at 1824 Kings Highway, Brooklyn, New York 11229,  cannot establish that Defendants engaged in any specific, uniform, common policy or practice in violation of FLSA that would justify collective certification; nor have Plaintiffs met their burden of establishing that they are similarly situated to any other categories of employees at Domino Supermarket whom they seek to represent.

While Plaintiffs have alleged pay practices that violate the FLSA as to them individually, they have failed to demonstrate that it is appropriate to proceed as a representative action.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Tatyana Abdulzalieva commenced this suit on January 8, 2021 alleging, *inter alia*, overtime violations under the FLSA and New York Labor Law ("NYLL"), against ADVANCED DOMINO, INC., and DOMNIO GROUP, LLC, BORIS SALKINDER, individually, and GENADI VINITSKI, individually, and YAKOV BEKKERMAN ("Domino Defendants") and PROGRESS VGA, LLC, and ALEKSANDR MALTSEV ("VGA Defendants"). See Complaint (ECF No.1). An Amended Complaint was filed on March 15,

1

2021, in which Alena Daineka became an additional plaintiff. <u>See</u> FAC (ECF No. 25).  Plaintiffs

are now seeking conditional certification as a representative action pursuant to Section 16(b) for

their FLSA claim of overtime. <u>See</u> 29 U.S.C. §216(b); Notice of Motion (ECF No. 27).

At all relevant times herein, Plaintiffs worked as cashiers at the Domino Supermarket

located at 1842 Kings Highway, Brooklyn, New York 11229 ("Domino Supermarket"), while

Tatyana Abdulzalieva also worked as an administrative assistant. <u>See</u> FAC ¶2; Declaration of

Boris Salkinder ("Salkinder Decl.") ¶3. Plaintiffs never held other positions. Nonetheless,

Plaintiffs seek to represent "all current and former non-managerial employees employed by

Defendants," including "cashier, meat department worker, unloader, unpacker, baker worker,

fish department worker, deli worker, cook, food preparer or counter worker." Proposed Notice of

Pendency (ECF No. 27-6).   Yet, Plaintiffs made deficient factual showing to support their claim

of an enterprise-wide policy of nonpayment of overtime. Rather, Plaintiffs rely entirely on

hearsay statements with co-workers and references to a "notebook" of employee work hours

maintained by Plaintiff Abduzalieva when she worked as an administrative assistant. <u>See</u>

Abdulzalieva Decl. ¶5. Apparently, Plaintiffs' affidavits contain no sufficient allegations of a

company-wide policy violative of the FLSA other than somebody-told-me-so allegations.

Indeed, only one of two plaintiffs, namely Plaintiff Abduzalieva, had access to the "notebook"

by virtue of her position as an administrative assistant. <u>See</u> Abdulzalieva Decl. ¶5 (testifying that

Plaintiff Abduzalieva 's job duties included tracking employees' working hours).  In other

words, Plaintiff Abduzalieva is the exact opposite of "similarly situated" to the workers she

seeks to represent within the meaning of Section 16(b). The very fact that various employees

complained to Plaintiff Abduzalieva of their dissatisfaction with working at Defendants implied

that Plaintiff Abduzalieva was regarded as a person of authority, thus dissimilar to the putative

collective of employees she seeks to represent.  Indeed, the personal complaints she received

from two employees, Larisa Sadlovskaya and Amalye Sakanyan, coincided with the time period

Plaintiff Abduzalieva held the position of administrative assistant.

Plaintiffs' own affidavits suggest that the alleged FLSA violations are more

individualized than uniform. On one hand, Plaintiff Abduzalieva maintains that she was paid

fixed monthly rates above the exempt threshold as an administrative assistant during most of her

employment at Domino Supermarket. See Abdulzalieva Decl. ¶¶7,8. On the other hand, Plaintiff

Daineka asserts that she was paid straight hourly rates as a cashier throughout her employment.

See Daineka Decl. ¶6. Aside from exemption status and pay rates, the schedule and work hours

between the two named Plaintiffs are also different. See Abdulzalieva Decl. ¶4; Daineka Decl.

¶4.  Apparently, the payroll practice differed even between the two named plaintiffs.

Additionally, the other co-workers who Plaintiffs purported to represent are apparently not

similarly situated with them. For starters, Amalye Sakanyan, the former bakery department

employee, whose hearsay statement Plaintiff Abduzalieva relies on for certification, holds a

grudge against Defendants. See Abdulzalieva Decl. ¶15. Indeed, it is speculative to infer an

overtime violation from the accusations of a disgruntled former employee overreacting to a stray

remark. Moreover, based on the factual allegations in Plaintiffs' affidavits, it was apparent that

Plaintiff Abduzalieva was an administrative employee exempt from FLSA's overtime

requirements, at least for the most part of her employment. Therefore, Plaintiffs' affidavits prove,

if anything, that Plaintiffs are not similarly with each other, let alone with the proposed collective

class. As such, Plaintiffs have failed their even modest burden to demonstrate a commonly policy

violation of FLSA and their motion must be denied.

3

## III.　ARGUMENT

### A.  PLAINTIFFS HAVE NOT MADE THE MODEST FACTUAL SHOWING REQUIRED TO SUPPORT CONDITIONAL COLLECTIVE ACTION CERTIFICATION.

### 1.　Plaintiffs Failed to Proffer Specific Factual Allegations Sufficient to Make the Modest Factual Showing for Collective Certification.

In New York, the court adopts a two step-method of certification in an opt-in collective action under the FLSA. Amador v. Morgan Stanley & Co.., No. 11-CV-4326, 2013 U.S. Dist. LEXIS 19103, 2013 WL 494020, at *2 (S.D.N.Y. Feb. 7, 2013). At the first stage, the Court must make "an initial determination and send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." Id..  After discovery is completed, "if it appears that some or all members of a conditionally certified class are not similarly situated," a "defendant may move to challenge certification, at which point a court will conduct a more searching factual inquiry as to whether the class members are truly similarly situated." Id. at 320-21.

The Court should only certify a collective action in appropriate cases. See Myers v. Hertz Corp., 624 F.3d 537, 554 (2d Cir. 2010) (citing Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 169, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989)).  In this Circuit, to warrant certification of collective action under Section 16(b) of FLSA, a plaintiff must provide sufficient factual support amounting to a "modest" showing that herself and potential opt-in plaintiffs "'together were victims of a common policy or plan that violated the law.'" Myers, 624 F.3d at 555 (quoting Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). In making this showing, Plaintiffs, at the very least, must come up with "substantial allegations" that the putative

4

collective they purport to represent were "'the victims of a single decision, policy or plan.'" See Sharma v. Burberry Ltd., 52 F. Supp. 3d 443, 452 (E.D.N.Y. 2014) (quoting Sexton v. Franklin First Fin., Ltd., No. 08-CV-4950, 2009 U.S. Dist. LEXIS 50526, 2009 WL 1706535, at *3 (E.D.N.Y. 2009).

Conclusory allegations are not sufficient to support a motion for conditional collective action certification. See, e.g., Morales v. Plantworks, Inc., 2006 U.S. Dist. LEXIS 4267, at *3 (S.D.N.Y 2006); Romero v. H.B. Auto. Grp., Inc., 2012 U.S. Dist. LEXIS 61151, at *27 (S.D.N.Y. May 1, 2012). When plaintiffs fail to meet this minimal requirement, their motion for conditional collective action certification will be denied. Id.; see also Silva v. Calle 8, LLC, No. 12-CV-677 (ERK) (MDG), 2013 U.S. Dist. LEXIS 171696, 2013 WL 6330848, at *3 (E.D.N.Y. 2013) ("where plaintiffs fail to provide either evidentiary support, such as affidavits or supporting documents, or specific factual allegations, courts routinely deny conditional certification"). Plaintiffs must offer something of "evidentiary value" to demonstrate that similarly situated employees exist and, where plaintiffs "fail to meet this minimal requirement, their motion for [conditional collective action] certification [will be] denied." Benavides v. Serenity Spa NY Inc., 166 F. Supp. 3d 474, 481 (S.D.N.Y. 2016) (quoting Morales, 2006 U.S. Dist. LEXIS 4267, at *3).

Courts in this Circuit have repeated rejected certifying collective action when the plaintiff has failed to meet her burden by offering nothing but cookie-cutter conclusory allegations. See, e.g., Zheng v. Good Fortune Supermarket *Grp. (USA), Inc.*, No. 13-CV-60 (ILG), 2013 U.S. Dist. LEXIS 130673, at *17 (E.D.N.Y. 2013) (denying collective certification where named plaintiff, a supermarket clerk, alleged similarly situated employees with "conclusory and unsubstantiated statements" as she failed to identify any such employee by name); contra

Benavides v. Serenity Spa NY Inc., 166 F. Supp. 3d 474, 481 (S.D.N.Y. 2016) (granting collection motion where plaintiff has alleged sufficient facts to support conditional certification because the named plaintiff provided the names of five other nail technicians and message therapists with whom she worked, noted the time and circumstance of her conversations with the fived named co-workers, and proffered defendants' payroll records, wage statements, and wage-and-hour notices listing additional 12 employees).

     In Sanchez v. JMP Ventures, L.L.C., the court denied a delivery worker's motion for collective certification, because the plaintiff relied on "generalized allegations" where he alleged defendants' stores are subject to the "common policy" of not paying employees minimum wage and overtime based on his "conversations" and "observations" with other employees (whose first names he lists), but did not include any detail to a single such observation or conversation. 2014 U.S. Dist. LEXIS 14980, at *5 (S.D.N.Y. 2014); contra Barrus v. Dick's Sporting Goods, Inc., 465 F. Supp. 2d 224, 230 (W.D.N.Y. 2006) (holding that plaintiffs met their modest burden because their affidavits "go beyond their own circumstances" and "specifically allege personal knowledge that each policy or practice was applied to other employees.") ; Sherill v. Sutherland Global Servs., Inc., 2007 U.S. Dist. LEXIS 35983 (W.D.N.Y. 2007).

     Comparatively, the factual support found in Plaintiffs' affidavits fail to go beyond their own circumstances. While Plaintiffs alleges that themselves worked over 40 hours in a week, they made no allegation as to the working hours of *any* other employees who they seek to represent. Rather, Plaintiffs purported to bolster their claim of a company-wide policy of failure to pay overtime wages by generalized allegations about conversations with others. See Abdulzalieva Decl. ¶15 (co-worker complained that she worked "many hours and never gets paid overtime"). In particular, Plaintiff Abdulzalieva avers that she "personally observed" co-workers

6

worked "over 40 hours in each week" yet fails to specify when she made the observations or explains how she was able to do that considering that she only worked five days per week. Cf. Sanchez, 2014 U.S. Dist. LEXIS 14980, at *5 (S.D.N.Y. 2014).

Granted, courts often relied on hearsay statements in deciding collective certification motions. See Ling Chen v. Asian Terrace Rest., Inc., No. 19-cv-7313 (BMC), 2020 U.S. Dist. LEXIS 126417, at *7 (E.D.N.Y. July 17, 2020) (citing Moore v. Eagle Sanitation, Inc., 276 F.R.D. 54, 59 (E.D.N.Y. 2011)). Nonetheless, the courts that considered hearsay statements in conditionally certifying collection action at this stage invariably relied on "personal observations" of the plaintiff-worker. See, e.g., Ling Chen v. Asian Terrace Rest., Inc., No. 19-cv-7313 (BMC), 2020 U.S. Dist. LEXIS 126417, at *7-8 (E.D.N.Y. July 17, 2020) (granting certification because plaintiffs offer testimony based on personal observation: "plaintiff has identified two waitresses, a dishwasher, a receptionist/cashier, and  a packer who also worked 6 days a week for over 40 hours each week. It takes no great leap in logic to infer that defendants' alleged flat payment policy applied in equal measure to these employees as well."). This case is a distinguishable from Ling Chen because Plaintiffs purport to rely on Abdulzalieva's "personal review of time records and pay" that is not in the record, except for two pages, and vague conversations with a few other employees. Abdulzalieva Decl. ¶16.  For instance, Plaintiff Abdulzalieva spoke with an employee from "fish department" who is "very unhappy" because she was treated "disrespectfully" while left out any details about her work hours or pay.  See Abdulzalieva Decl. ¶14. For another instance, Plaintiff Abdulzalieva spoke with three employees from "bakery department" but also fails to mention any details as to work schedule or pay rates. See Abdulzalieva Decl. ¶¶15,16.  Rather, both Plaintiffs offer generalized statements such as "working many hours" and "not paid overtime" from the conversations. See Abdulzalieva Decl.

7

¶15; Daineka Decl. ¶10. More importantly, the time records that Plaintiff Abdulzalieva relies on is devoid of evidentiary value because (1) that the two pages submitted in support for the motion are not even dated; and (2) that the pages do not show how payroll was calculated. See Ex.3. Indeed, it would require a great leap in logic to infer that defendants' payroll practice applies in equal force to other employees. Plaintiffs' factual support in this case is paper thin, literally. Were the Court to assign any evidentiary value to the hearsay and double hearsay documents offered by Plaintiffs, the Court should be able to conclude that Plaintiffs factual support for their collective certification motion, if any, falls far short of the "modest" standard. Cf. Sanchez v. JMP Ventures, L.L.C., 2014 U.S. Dist. LEXIS 14980, at *5 (S.D.N.Y. 2014).

Conversely, Defendants maintain that they keep track of employee working hours using a punch card system and pay overtime wages or spread of hours when applicable. See Salkinder Decl. ¶8; Ex. A to Qu Decl. Though the Court is not required to determine factual issues at this stage of collective certification, the records serve to show the lack of factual showing on Plaintiffs' part.

In an analogous case, Zheng v. Good Fortune Supermarket Grp. (USA), Inc., the court denied conditional certification where the plaintiff's declaration consisting of the same kind of conclusory allegations based on her "personal observation" of other supermarket clerks who were subject to the same time shaving policy. The plaintiff does not "explains the basis for her observations." 2013 U.S. Dist. LEXIS 130673, at *14 (E.D.N.Y. 2013). Here, Plaintiffs fail to explain how their broad allegation of an enterprise-wide policy of nonpayment of overtime could be gleaned through the review of undated, enigmatically written records, or through their personal observations while working as cashiers and/or an administrative employee.

8

Conversely, the court in Zeledon v. Dimi Gyro LLC granted deliverymen's motion for collective certification when the named plaintiff identified 12 other deliverymen, nine by name, who were paid fixed salaries, which were written on their schedule, No. 15cv7301 (TPG) (DF), 2016 U.S. Dist. LEXIS 150526, at *28 (S.D.N.Y. 2016). The Court further noted that factual allegations with this level of details were "generally been found sufficient to support conditional certification of a collective." Id. (citations omitted).

In this case, however, Plaintiffs have fallen short to this standard of specific allegations that warrant collective certification. None of the Plaintiffs can tell any details about other employees' respective work schedules, or their respective pay rates. Nor did Plaintiffs discuss with any employee about payroll practice at Domino's except for the few from "fish" and "bakery" departments. Nevertheless, Plaintiffs arrived at the same conclusion that a common policy or practice violative FLSA exists across the Domino Supermarket for any "cashier, meat department worker, unloader, unpacker, baker worker, fish department worker, deli worker, cook, food preparer or counter worker." Just as the supermarket clerk in Zheng, Plaintiffs in this case relied on nothing more than "conclusory and unsubstantiated statements" of little evidentiary value. 2013 U.S. Dist. LEXIS 130673, at *17 (E.D.N.Y.2013). This is exactly the kind of conclusory allegations that failed to meet even the "modest factual showing" under section 16(b) collective certifications.

2.      **Plaintiffs Are Not Similarly Situated with the Putative Collective.**

The threshold issue in deciding whether to authorize class notice in an FLSA action is whether Plaintiffs have demonstrated that potential class members are "'similarly situated.'" Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (quoting 29 U.S.C. § 216(b)). To meet this burden, Plaintiffs must at least make a facially adequate showing that putative

9

members of the collective are similarly situated "with respect to the FLSA violations [the named plaintiff] allege[s] — not other factors." Bijoux v. Amerigroup N.Y., LLC, No. 14-CV-3891 (RJD)(VVP), 2015 U.S. Dist. LEXIS 96442, at *6 (E.D.N.Y. 2015).

In this case, Plaintiffs have failed to demonstrate that themselves and the putative class of potential collective members are similarly situated. The main evidence Plaintiffs proffered to support their motion is the two affidavits of the named plaintiffs. Plaintiffs purport to represent a putative class of nonexempt employees who were not paid overtime premiums. Nonetheless, the co-workers mentioned in Plaintiffs' affidavits are apparently in different situations than themselves. Preliminarily, Plaintiff Abdulzalieva was an administrative employee for the majority of her employment at Domino Supermarket and thus exempt from FLSA's overtime provision. See 29 U.S.C. § 213(a) (exempting from the overtime requirements "any employee employed in a bona fide . . . administrative, or professional capacity.").

Regulations under FLSA define an "administrative employee" as an employee who is:

(1) who are compensated on a salary or fee basis at a rate of not less than $455 per week;
(2) whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and
(3) whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

29 C.F.R. § 541.200(a).

Here, Plaintiff Abdulzalieva was an exempt executive employee because her primary duties were to "keep track of inventory," "recording employees' hours and handing out envelopes containing employees' wages."  Abdulzalieva Decl. ¶5. She exercised independent judgment by recommending the hiring of other employees for Domino Supermarket, including Alena Daineka, the co-plaintiff. See Salkinder Decl. ¶4.  As such, Plaintiff Abdulzalieva's primary duties were directly related to the management of the general business operations of

10

Domino. Furthermore, Plaintiff Abdulzalieva was paid on a salary basis well above the statutory rate of $455 per week. Indeed, $3000 per month would translate to $692.31 per week while a weekly $350 plus $1600 per month would equal $719.23 per week[1].  Accordingly, Plaintiff Abdulzalieva satisfies both the primary duty test and the salary test for administrative employees under FLSA. See Karropoulos v. Soup du Jour, Ltd., 128 F. Supp. 3d 518, 538 (E.D.N.Y. 2015).

Accordingly, Plaintiffs are not similarly situated with the putative collective because the question of law or fact material to the disposition to named Plaintiffs' claims, namely whether Plaintiff Abdulzalieva was exempt from FLSA's overtime requirement, are not shared by the members of the putative collective.  See Amendola v. Bristol-Myers Squibb Co., 558 F. Supp. 2d 459, 477 (S.D.N.Y. 2008) (denying collective certification based on administrative exemption).

## B.  PLAINTIFFS' PROPOSED NOTICE OF PENDENCY IS OVERBROAD AND THE DISTRIBUTION THEREOF IS PREMATURE.

Plaintiffs' proposed notice is premature because the precise scope and extent of the putative class that Plaintiffs purport to represent is, at the very least, to be determined by the Court. Nonetheless, the proposed notice of pendency is facially over broad because it purports to provide notice to all "cashier, meat department worker, unloader, unpacker, baker worker, fish department worker, deli worker, cook, food preparer or counter worker" who worked for Defendants. See Proposed Notice of Pendency (ECF No. 27-6).  However, all plaintiffs were cashiers. Their declarations contain little non-speculative factual allegations that could give rise to an inference that there exists a company-wide unlawful policy that encompasses the

---

[1] The weekly rates are calculated as follows:
$3000x12/52 = $692.31
($350 x 52 +$1600x12)/52 = $719.23

mentioned categories. Indeed, Plaintiffs did not even mention the other categories of employees

other than having a few conversations with workers from "fish" and "bakery" departments.

Accordingly, at its broadest, the scope of individuals to be sent the notice should include only

cashiers at Domino Supermarket. Plaintiffs have failed to demonstrate that individuals in other

positions were subject to the same alleged pay practices.

## C.      NO EXTRAORDINARY CIRCUMSTANCES EXIST TO WARRANT TOLLING OF THE STATUTE OF LIMITATIONS.

Though not specifically addressed by Plaintiffs in their motion papers, Defendants

request that the Court do not apply equitable tolling in this matter because Plaintiffs have not met

his burden of showing the exceptional circumstances warranting the drastic remedy of equitable

tolling. See A.Q.C. ex rel. Castillo v. United States, 656 F.3d 135, 144 (2d Cir. 2011) (holding

that "equitable tolling is considered a drastic remedy applicable only in rare and exceptional

circumstances."); accord Phillips v. Generations Family Health Ctr., 723 F.3d 144, 150 (2d Cir.

2013). Therefore, "[w]hen a movant does not provide any grounds showing equitable tolling may

be appropriate, it will not be applied." Mark v. Gawker Media LLC, 2014 U.S. Dist. LEXIS

155424, 2014 WL 5557489, at *2 (S.D.N.Y. Nov. 3, 2004).

To make this showing of appropriate grounds, Plaintiffs bear the burden of establishing

two elements: (1) that they have been pursuing their rights diligently, and (2) that some

extraordinary circumstance stood in their way. See Pace v. DiGuglielmo, 544 U.S. 408, 418, 125

S. Ct. 1807, 161 L. Ed. 2d 669 (2005).

Plaintiff has failed to meet his burden on the first element because Plaintiff proffered no

evidence showing that existing or potential opt-in plaintiffs have been pursuing their rights

diligently. Given that the equitable tolling inquiry is highly factual, it is "simply impossible to

conduct when opt-in plaintiffs and the facts specific to them have not yet been revealed."

Alvarado Balderramo v. Taxi Tours Inc., 2017 U.S. Dist. LEXIS 89404, 2017 WL 2533508, at

*5 (S.D.N.Y. June 9, 2017).  Here, it is highly suspect whether the putative class of similarly

situated employees, let alone assess whether such class of potential opt-in plaintiffs have diligent

pursued their rights. Thus, equitable tolling must be denied. See, e.g., Knox v. John Varvatos

Enters., 2017 U.S. Dist. LEXIS 171705, at *21 (S.D.N.Y. Oct. 17, 2017) (denying FLSA

plaintiff's request for equitable tolling because: (1) plaintiffs on whose behalf equitable tolling is

being sought have not been identified; and (2) no information has been provided about their

circumstances).

   Granted, the Courts in this Circuit have differed over whether the time it has taken for a

Court to review a plaintiff's motion for conditional certification as a collective action amounts to

an extraordinary circumstance warranting tolling. See Boice v. M+W U.S., Inc., No. 1:14-CV-

505 (GTS/CFH), 2016 U.S. Dist. LEXIS 122408, at *48 (N.D.N.Y.2016). However, absent

significant delays, courts in this Circuit tend not to find time spent on deciding a motion for

conditional certification constitutes extraordinary circumstances warranting equitable tolling. See

e.g., Vasto v. Credico (USA) LLC, No. 15-CV-9298, 2016 U.S. Dist. LEXIS 60158, 2016 WL

2658172, at *16 (S.D.N.Y 2016) (declining to apply equitable tolling where "less than seven

months ha[d] passed since [the] plaintiffs filed their original motion for conditional certification

in [another district], and less than five months ha[d] passed since [the] plaintiffs renewed their

motion in [the Southern District of New York]"); Martin v. Sprint/United Mgmt. Co., No. 15-

CV-5237, 2016 U.S. Dist. LEXIS 352, 2016 WL 30334, at *16 (S.D.N.Y. 2016) (declining to

apply equitable tolling where "less than two and a half months ha[d] transpired since the filing of

the [first amended complaint]"); Mark v. Gawker Media LLC, No. 13-cv-4347 (AJN), 2014 U.S.

Dist. LEXIS 155424, at *5 (S.D.N.Y. Nov. 3, 2014) (declining to apply equitable tolling where eleven months had passed since the filing of the motion for conditional certification, holding that "the time delay between the date [the] [p]laintiffs filed the motion and its resolution in [that] case was not extraordinary").

Here, there is no reason to suspect that this Court will not dispose of Plaintiffs' conditional certification motion in a just and expeditious manner.  Thus, Plaintiffs has not met their burden of showing that equitable tolling is warranted, and the Court must not apply equitable tolling of the statute of limitations.

## IV.      CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court deny Plaintiffs' motion for conditional certification of this action as a collective action in its entirety; and for such other and further relief as the Court deems just and proper.

Dated: April 7, 2021
       Flushing, NY 11354

                              Hang & Associates, PLLC

                              By:_____s/ *Ge Qu*_____
                               Ge Qu, Esq.
                               136-20 38th Avenue, Ste 10G
                               Flushing, NY 11354
                               (718) 353-8588
                               *Attorneys for Defendants*
                               *ADVANCED DOMINO,*
                               *INC., and DOMNIO*
                               *GROUP, LLC, Boris*
                               *Salkinder, Genadi Vinitski,*
                               *and Yakov Bekkerman*