

**Jeffrey R. Maguire**, Esq., Partner   o: (212) 939-7229   f: (212) 531-6129
a: 75 Maiden Lane, Suite 402, New York, NY 10038   e: jmaguire@stevensonmarino.com

May 20, 2021

<u>Via ECF</u>
The Honorable Brian M. Cogan
United States District Judge for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *Abdulzalieva v. Advanced Domino, Inc. et al.*
     <u>Docket No.: 21-cv-124-BMC</u>

Dear Judge Cogan:

  We represent Plaintiffs, Tatyana Abdulzalieva and Alena Daineka (together as "Plaintiffs"), in the above-referenced matter alleging wage and hour claims against their alleged former employers, Advanced Domino Inc., Domino Group, LLC, Boris Salkinder, Genadi Vinitski, Yakov Bekkerman, Progress VGA, LLC and Aleksandr Maltsev (collectively as "Defendants") under the Fair Labor Standards Act ("FLSA") and the New York Labor Law. We write now to respectfully request that the Court enter an Order compelling Defendants to provide a complete and accurate list of the contact information of the putative collective conditionally certified by this Court pursuant to its Order dated April 27, 2021. *See* Dkt. No. 36.

  On April 27, 2021, the Court entered a Memorandum Decision and Order granting conditional certification of a collective action pursuant to 29 U.S.C. § 216(b). *See* Dkt. No. 36. As a result of its decision, the Court authorized Plaintiffs to disseminate a Court-facilitated FLSA notice. *See* Dkt. No. 36, § II, p. 8. The Order provides that, *inter alia*, "[w]ithin 21 days of this order, defendants shall disclose the contact information of the supermarket's non-managerial employees as set forth above." *See* Dkt. No. 36, § II, p. 10. On May 18, 2021, Defendants provided a list in an excel spreadsheet containing thirty (30) putative members of the collective (hereinafter, the "List"). In response, Plaintiffs' counsel requested that Defendants verify that the List was complete and accurate, to which Defendants' counsel responded that he was "positive" that it was.

  On May 19, 2021, the undersigned questioned Defendants' representation on the basis that in support of Defendants' opposition to conditional certification, Defendants submitted timesheets

that show seventy-nine hourly employees that worked during the week of October 17, 2020 alone. *See* Dkt. No. 33-1. I additionally pointed out that Plaintiffs submitted notebook pages in support of their motion that show seventy-one employees for that particular week. Lastly, I noted that there were individuals that Plaintiffs knew personally (some of which are identified in Plaintiffs' declarations) that were not included in the List, one of which that I spoke with personally myself. I asked for Defendants to explain this discrepancy. After Defendants initially failed to provide a prompt response, I reminded Defendants of Plaintiffs' deadline in the Court's Order to send notice and stated that if I failed to receive a timely response, it would necessitate Court intervention. Defendants responded that they would be "going over the list with accountant" and that "[w]e'll keep you updated as soon as practicable." Defendants then represented that "[t]he accountant is expected to send me the document tomorrow[,] [s]o I'll forward to you as soon as I got it." Taking issue with Defendants' lack of a definite date or time in which they would produce the complete List considering that their deadline had already passed, I requested that Defendants provide the List before 5:00 p.m. today. As of this time, Defendants failed to provide the List or any update whatsoever, even though the Court's Order required that they do so two days ago. A copy of the email correspondence is provided as **Exhibit A**.

Based on Defendants' failure to provide a complete List pursuant to the Court's Order, Plaintiffs' time to prepare and send the Court-approved FLSA notice is now affected. Moreover, the fact that Defendants provided a list of seventy-nine employees as evidence in opposition to Plaintiffs' motion, only to then provide a list of thirty employees is troubling and Defendants' good faith efforts to comply with the Court's Order is now in question. Accordingly, Plaintiffs respectfully request that the Court issue an Order compelling Defendants to provide a List of the putative collective that complies with the Court's Order so that Plaintiffs may send the FLSA notice within their seven-day deadline, and any other relief that Court deems necessary and proper.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

_____
Jeffrey R. Maguire, Esq.
*For the Firm*

cc:   Defendants' Counsel *via* ECF