UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                               :

TATYANA ABDULZALIEVA and ALENA   :
DAINEKA, on behalf of themselves and       :    **ORDER**
others similarly situated,                                      :
                                                               :    21-cv-124 (BMC)
                                   Plaintiffs,           :
                                                               :
                        - against -                          :
                                                               :
ADVANCED DOMINO, INC.; DOMINO         :
GROUP, LLC; PROGRESS VGA, LLC;         :
BORIS SALKINDER; GENADI VINITSKI;  :
YAKOV BEKKERMAN; and                   :
ALEKSANDR MALTSEV,                        :
                                                               :
                                   Defendants.         :
                                                               :
----------------------------------------------------------- X

**COGAN**, District Judge.

       This case is before me on the parties' discovery dispute. In a Memorandum Decision and Order dated April 26, 2021, I ordered defendants to disclose, by May 17, 2021, specified contact information for all non-managerial employees and former employees who worked at their supermarket within the last three years. Counsel for defendants Advanced Domino, Inc.; Domino Group, LLC; Boris Salkinder; Genadi Vinitski; and Yakov Bekkerman (collectively, the "Domino defendants") has all but conceded that they have failed to adhere to that Order. Every time plaintiffs complained that the list was not timely provided or was inadequate – and those complaints were based on sound reasons – defendants somehow came up with a new list that was still incomplete.

       Defense counsel badly misapprehends his role by stating that the requested information is "beyond [his] personal knowledge." He apparently thinks that his job is to serve as an

intermediary between the Court and his clients, where all he has to do is forward the Court's orders to his clients and leave it to them to produce the information; if they comply, fine, and if they don't, that's not his problem. Wrong. It is his job to learn how the required information is kept, get control of the documents from his clients, analyze them, debrief his clients to acquire any missing information about the subject employees and former employees – as it appears that some unknown number of employees or former employees are not identified in the documents that his clients have produced to plaintiffs – and make sure that his clients are in compliance with the Court's orders.

Defense counsel is not a mere messenger. His clients' failure to comply with Court orders is his failure as well. He has no excuse for the inadequacy of the response. If he cannot get the cooperation and compliance required of his clients, then he should not be representing them. That is because, as this Order will make clear below, the consequences of noncompliance fall on him as well as his clients. By arguing that this obligation belongs to his clients and not him, he has abandoned his obligation to them as well as his obligation to this Court.

Defense counsel's suggestion of an "audit" is absurd. Since not all the employees' and former employees' names are reflected in the documents, there is nothing an auditor could do without debriefing his clients and their management employees. It would be a waste of time and money. If defense counsel, upon first appearing for defendants, determined that his clients were incapable of complying with basic discovery obligations, it was his job at that time to have his clients retain such forensic support personnel or consultants who might be necessary to achieve compliance. In other words, achieving client compliance with discovery orders requires *lawyering*, something that defense counsel has thus far failed to do, not serving as a mere conduit.

Plaintiffs' motion to compel [42] is granted. Pursuant to Federal Rule of Civil Procedure 37, the Domino defendants are sanctioned in the amount of $2,500 for failure to comply with this Court's orders. Defendants' counsel Ge Qu is sanctioned in the amount of $1,500 for the same reason. Both payments must be made to the Clerk of the Court within seven days, and defense counsel must file a letter on the docket of this case showing that they have made the payment, failing which the Domino defendants' answer shall be stricken and a default entered against them. Of course, should plaintiffs prevail in this action, the reasonable attorneys' fees incurred for having had to litigate this dispute will be included in the overall attorneys' fee award.

Defendants shall provide plaintiffs with their employees' and former employees' contact information, as set forth in the April 27 Order, within 21 days of this Order. Plaintiffs shall mail the notice within 7 days of receiving the contact information from defendants, and the putative collective members who wish to participate in this FLSA collective action must opt in within 60 days of the date notice is mailed. The statute of limitations for any collective member is equitably tolled *nunc pro tunc* to May 17, 2021, the date upon which this Court first ordered the information to be produced.

This Order does not apply to defendants Aleksandr Maltsev and Progress VGA, LLC. These defendants have explained that they lack access to the information at issue, and plaintiffs have not challenged this assertion.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
      May 27, 2021